BARBARA TATE *vs.* DEPARTMENT OF MENTAL HEALTH
& others.[1]

Suffolk. October 3, 1994. - January 24, 1995.

Present: LIACOS, C.J., WILKINS, NOLAN, LYNCH, & GREANEY, JJ.

*Practice, Civil,* Summary judgment, Burden of proof. *Federal Rehabilitation Act. Handicapped Persons. Employment,* Discrimination, Termination. *Anti-Discrimination Law,* Prima facie case, Burden of proof, Termination of employment, Handicap.

In a claim of handicap employment discrimination brought under the Federal Rehabilitation Act of 1973, 29 U.S.C. § 794 (a), and the Massachusetts employment discrimination statute, G. L. c. 151B, the judge correctly ordered summary judgment for the employer where the plaintiff did not establish a prima facie case by producing evidence that she was dismissed because of her handicap and, in any event, did not produce any evidence to support a claim that the employer's stated nondiscriminatory reason for the plaintiff's dismissal, viz., insubordination, was a pretext [360-364]; nor did the plaintiff sustain her burden of proof to establish she was terminated in retaliation for complaining about the employer's failure reasonably to accommodate her handicap [364-365].

A Superior Court judge correctly ruled that an employment discrimination claim based on an allegation of a violation of art. 114 of the Amendments to the Massachusetts Constitution was barred where an adequate remedy was provided under the general antidiscrimination statute, G. L. c. 151B. [365]

CIVIL ACTION commenced in the Superior Court Department on March 4, 1987.

The case was heard by *Charles M. Grabau,* J., on motions for summary judgment.

[1]North Suffolk Mental Health Association, Inc., and Massachusetts Commission for the Deaf and Hard of Hearing.

The Supreme Judicial Court on its own initiative transferred the case from the Appeals Court.

*Paul H. Merry* for the plaintiff.

*Catherine C. Ziehl,* Assistant Attorney General, for Department of Mental Health & another.

*Kay H. Hodge* for North Suffolk Mental Health Association, Inc.

LYNCH, J. The plaintiff brought an action alleging handicap discrimination and retaliatory discharge pursuant to § 504 of the Federal Rehabilitation Act of 1973, 29 U.S.C. § 794 (1982 & Supp. IV 1986); the Massachusetts employment discrimination statute, G. L. c. 151B (1992 ed.); the Massachusetts Civil Rights Act, G. L. c. 12, § 11I (1992 ed.); and art. 114 of the Amendments to the Massachusetts Constitution. The allowance of summary judgments in favor of the Department of Mental Health (department), the Massachusetts Commission for the Deaf and Hard of Hearing (commission), and North Suffolk Mental Health Association, Inc. (Association), is the basis for the plaintiff's appeal. We transferred the case here on our own motion. We affirm.

The following facts are undisputed for the purpose of summary judgment. The plaintiff, who has been deaf since birth, is a licensed independent clinical social worker. From 1979 until March of 1985, she was employed by the Vinfen Corporation (Vinfen) as a social worker and eventually as the program director of the deaf outpatient mental health services program (program). Vinfen is a private company which operated this clinical program under a contract with the department. In early 1985, Vinfen terminated the contract prior to its expiration. The department then approached the Association and requested that it assume Vinfen's role of operating the program. On March 27, 1985, the department executed a contract with the Association to provide clinical services to deaf and hearing-impaired clients through the Association's Freedom Trail Clinic (clinic).

In March, 1985, the Association offered the plaintiff the position of social work supervisor. Her responsibilities would include hiring and supervising a sign-language interpreter

and a social worker for deaf clients, and providing direct clinical services for these clients. In this position, the plaintiff was under the supervision of the clinic unit chief, Dr. Robert Abernethy, III. Before she accepted this position, the plaintiff had several discussions with James Cassetta, the assistant executive director (director) of the Association, concerning her dissatisfaction with her job description and her lines of supervision. The plaintiff submitted her own proposed job description to the director. He told the plaintiff that her "proposal was unacceptable and that the Association would not hire her unless she accepted its job description and lines of supervision." Additionally, as an employee of the Association, the plaintiff would be required to submit to all of the Association's policies and procedures. She agreed to these provisions and accepted the position. She commenced work on April 9, 1985.

On April 16, 1985, the plaintiff sent a memorandum to the director expressing her concerns about the clinic's administrative structure, policies, and procedure. In addition, she asked to renegotiate her job title. The plaintiff's complaints concerning the structure and policies of the program continued over the next several weeks.

During June and July the plaintiff made additional complaints to the director. She insisted on changing her title to "program director" and refused to recognize the unit chief as her supervisor.

On July 31, 1985, the director sent a memorandum to the plaintiff addressing these issues, which the plaintiff had been raising since the beginning of her employment. The director stated that these administrative policies and the clinic's services would not be altered until after the program had been in operation for six months. The director strongly urged the plaintiff to postpone discussion about these organizational issues and to focus on her responsibilities of the recruitment of staff and delivery of services to the clients.

In the beginning of August, the plaintiff sent a memorandum, to Barbara Ferguson, the clinic's administrative coordinator. In this memorandum she directed the administrative

coordinator to "suspend" her duty to supervise the secretary's work at the clinic. She further stated that the secretary was to work exclusively for the program. In addition, on August 14, 1985, the plaintiff sent another memorandum to the director stating that the administrative coordinator did not have the authority to supervise or to delegate work to any member of the deaf services staff, including the secretary. The plaintiff further argued that keeping the original staffing pattern, which dated back to the prior contractor, Vinfen, served the original intent of the program.

On August 30, 1985, the unit chief sent a memorandum to the plaintiff concerning her persistent resistance to the Association's authority and structure. In this memorandum, the unit chief stated that the plaintiff would be terminated if she did not explicitly agree to accept the Association's managerial prerogatives. Specifically, the memorandum warned the plaintiff that she must "accept the fact that the Association, not you personally, has the right to manage the [p]rogram . . . . Your response on the secretarial issue reveals either an unwillingness or an inability to meet these obligations." The unit chief requested that she sign the memorandum to signify her understanding of her obligations. The plaintiff refused to sign the memorandum after receiving advice from the Massachusetts State Association for the Deaf.

On September 18, 1985, the Association sent a letter to the plaintiff terminating her employment, effective October 18, 1985. After receiving this letter, the plaintiff informed the unit chief, "You can't fire me," and stated that she would not terminate her relationships with her clients. In light of the plaintiff's response, on September 19, 1985, the Association made the plaintiff's termination effective immediately.

After her dismissal, the plaintiff filed complaints with the Massachusetts Commission Against Discrimination (MCAD) and with the Office of Civil Rights (OCR) of the United States Department of Health and Human Services alleging employment discrimination. On July 15, 1986, MCAD issued a finding of lack of probable cause, concluding that

the Association had not discriminated against the plaintiff on the basis of her handicap, but that she had been terminated for her refusal to comply with "[m]anagement prerogatives." On March 3, 1987, the OCR also issued a similar finding of lack of probable cause.

The party moving for summary judgment assumes the burden of affirmatively demonstrating that there is no genuine issue of material fact on every relevant issue, even if he would have no burden on an issue if the case were to go to trial. *Pederson* v. *Time, Inc.*, 404 Mass. 14, 17 (1989), citing *Attorney Gen.* v. *Bailey*, 386 Mass. 367, 371, cert. denied sub nom. *Bailey* v. *Bellotti*, 459 U.S. 970 (1982). The materials presented by the moving party need not negate or disprove an essential element of the claim of the party on whom the burden of proof at trial will rest, but they must demonstrate that there is no reasonable expectation that proof of the elements will be forthcoming at trial. See *Kourouvacilis* v. *General Motors Corp.*, 410 Mass. 706, 711-716 (1991). The moving party must clearly show that there is an absence of evidence to support the nonmoving party's case. See *Celotex Corp.* v. *Catrett*, 477 U.S. 317, 322-323 (1986).

We first look to the plaintiff's claim that the defendants discriminated against her on the basis of her handicap in violation of the Federal Rehabilitation Act of 1973 and in violation of G. L. c. 151B. The Federal Rehabilitation Act states: "No otherwise qualified individual with handicaps in the United States . . . shall, solely by reason of his handicap, be excluded from the participation in, be denied the benefits of, or be subjected to discrimination under any program or activity receiving Federal financial assistance . . . ." 29 U.S.C. § 794(a) (1982 & Supp. IV 1986). Similarly, G. L. c. 151B, § 4 (16), provides in material part that it shall be an unlawful practice "[f]or any employer . . . to dismiss from employment . . . or otherwise discriminate against, because of his handicap, any person alleging to be a qualified handicapped person, capable of performing the essential functions of the position involved with reasonable accommodation . . . ."

To prove a claim of employment discrimination in viola-
tion of the Federal statute, a plaintiff must demonstrate that
he or she: (1) is a handicapped person; (2) is otherwise quali-
fied for the position sought; (3) is being excluded from that
position solely by reason of his or her handicap; and also
must prove (4) that the position is part of a program receiv-
ing Federal financial assistance. *Doe* v. *New York Univ.*, 666
F.2d 761, 774-775 (2d Cir. 1981). After establishing the req-
uisite prima facie case, the burden then shifts to the em-
ployer to rebut the employee's case by presenting a legiti-
mate nondiscriminatory reason for her discharge. *McDonnell
Douglas Corp.* v. *Green*, 411 U.S. 792, 802 (1973). *Hall* v.
*United States Postal Serv.*, 857 F.2d 1073, 1078 (6th Cir.
1988). If the plaintiff establishes the prima facie case, but
the defendant answers it by advancing lawful grounds for the
action and produces evidence of underlying facts in support
of its justification, the plaintiff, in order to prevail, must per-
suade the fact finder by a fair preponderance of the evidence
that the defendant's asserted reason was not the real reason
for the action. See *McDonnell Douglas Corp.* v. *Green, supra*
at 802-805. In construing the Commonwealth's employment
discrimination statute, we have looked to the considerable
case law applying the analogous Federal statute for guid-
ance. See *Cox* v. *New England Tel. & Tel. Co.* 414 Mass.
375, 382 (1993); *White* v. *University of Mass. at Boston*,
410 Mass. 553, 557 (1991) (analysis of discrimination claim
essentially same under State and Federal statutes). For em-
ployment discrimination cases involving an allegation of dis-
parate treatment of an employee, we have adopted this
framework of shifting burdens of production of evidence
which was articulated in *McDonnell Douglas Corp.* v. *Green,
supra.* See *McKenzie* v. *Brigham & Women's Hosp.*, 405
Mass. 432, 435 (1989); *Smith College* v. *Massachusetts
Comm'n Against Discrimination*, 376 Mass. 221, 229-230
(1978); *Wheelock College* v. *Massachusetts Comm'n
Against Discrimination*, 371 Mass. 130, 136-139 (1976).

    In this case, the only element of the plaintiff's prima facie
case which is in dispute is whether the plaintiff was termi-

Tate *v.* Department of Mental Health.

nated solely on the basis of her handicap. Although the plaintiff argues on appeal that there is a factual issue whether the Association reasonably accommodated her handicap, this issue is only considered when a handicapped person is not able to perform the essential functions of the job. See *Cox* v. *New England Tel. & Tel. Co., supra* at 383. There is no dispute that the plaintiff was qualified to perform the essential functions of her position; therefore, whether the Association accommodated her handicap is irrelevant. See *Hall* v. *United States Postal Serv., supra* at 1078 ("otherwise qualified" inquiry requires consideration of employer's reasonable accommodation).

The Association argues that the plaintiff was terminated for insubordination. Although the cause of an employee's termination would ordinarily raise a question of fact, in this case the plaintiff is faced with twin hurdles to her recovery that she has failed to overcome. First, she must establish a prima facie case of employment discrimination by producing evidence that she was dismissed because of her handicap. Once that hurdle is surmounted, the Association's only burden is to produce evidence of nondiscriminatory reasons for the termination. Once the employer has proposed such a reason for the termination and has presented facts to support the action, the presumption of discrimination is dispelled. The employer does not have to persuade the trier of fact that it was correct in its belief. See *Trustees of Forbes Library* v. *Labor Relations Comm'n,* 384 Mass. 559, 566 (1981). Nor does the employer have to show that the employee's acts of insubordination would have caused it to terminate an employee who was not handicapped. *Id.* The burden of persuasion remains with the employee at all times. The employee must prove by a preponderance of the evidence that the asserted lawful reason was not the real reason for the termination. See *McKenzie* v. *Brigham & Women's Hosp., supra; School Comm. of Braintree* v. *Massachusetts Comm'n Against Discrimination,* 377 Mass. 424, 429-430 (1979); *Smith College* v. *Massachusetts Comm'n Against Discrimination, supra* at 230; *Wheelock College* v. *Massachusetts*

*Comm'n Against Discrimination, supra* at 136-137. The employer's reasons for its decision to terminate "may be unsound or even absurd, but if they are not discriminatory and if the plaintiff does not prove they are pretexts, the plaintiff cannot prevail." *Lewis* v. *Area II Homecare for Senior Citizens, Inc.,* 397 Mass. 761, 766 (1986). See *McKenzie* v. *Brigham & Women's Hosp., supra* at 434.

In ruling on the defendants' motions for summary judgment, the judge had before him an affidavit from the director of the Association, which clearly supported the Association's charge of insubordination. The affidavit states that the plaintiff refused to accept the authority of the Association to control her work. The plaintiff never contested that charge. It is clear from this affidavit and from the memoranda and correspondence in the record that the Association had a legitimate nondiscriminatory reason to terminate the plaintiff, i.e., her constant refusal to accept the most basic tenet of employment: the employer has the right to direct the employee in her work.

The determinative issue then is whether the plaintiff will be able to satisfy her burden of proving that this stated reason was a pretext. See *Brunner* v. *Stone & Webster Eng'g Corp.,* 413 Mass. 698, 703 (1992). The plaintiff never contested the charge that she was insubordinate. Instead of rebutting this allegation, the plaintiff's affidavit recounts her constant attempts to change the managerial structure implemented by the Association and focused on the areas in which she felt the Association was not accommodating her needs. The plaintiff admits that, from the outset of her employment, she relayed to the director her concerns about the structure of the program, the allocation of funding and positions, and the communications skills of the staff members. The plaintiff's deposition testimony also does not offer any support for her contention that the Association's claim that she was insubordinate is a pretext. At her deposition, the plaintiff stated: "[The clinic unit chief] is not really considered . . . to be my supervisor." The plaintiff further said that, while she worked at the Association, she did not have a supervisor and

stated: "I am responsible for myself. I was a clinical program director, that's why I'm responsible." These statements are contrary to the conditions that the plaintiff agreed to when she accepted employment with the Association and do not offer any support for the plaintiff's claim that the charge of insubordination is a pretext. Additionally, the record contains several written communications between the plaintiff and her supervisors which reveal her refusal to abide by the Association's directives and her supervisors' instructions to perform her work in accordance with its directions or face termination. Further, although it is not determinative of whether the plaintiff will be able to satisfy her burden of proof, it is important to note that both the MCAD and the OCR issued findings of lack of probable cause with respect to the plaintiff's claim that the Association discriminated against her on the basis of her handicap.

The depositions, affidavits, and written memoranda demonstrate that the plaintiff will be unable to prevail at trial and, therefore, the judge properly granted summary judgment on the plaintiff's claims under the Federal Rehabilitation Act and under G. L. c. 151B.[2] See *Brunner* v. *Stone & Webster Eng'g Corp.*, *supra* at 703.

The judge also was justified in his ruling that the plaintiff would not be able to sustain her burden of proof on her claim that she was terminated in retaliation for complaining about the Association's failure reasonably to accommodate her handicap. To succeed on such a claim the plaintiff must prove that she reasonably and in good faith believed that the Association was engaged in wrongful discrimination, that she acted reasonably in response to her belief, and that the Association's desire to retaliate against her was a determinative factor in its decision to terminate her employment. *Ryan* v. *Raytheon Data Sys. Co.*, 601 F. Supp. 243, 247 (D. Mass.

---

[2]Since we conclude that the plaintiff would not be able to satisfy her burden of proof that the Association discriminated against her on the basis of her handicap, the judge also appropriately ruled that summary judgment should be granted on the plaintiff's claim that the department and the commission aided and condoned the actions of the Association.

1984). As we discussed above, the plaintiff did not present any evidence to show that the Association terminated her for any reason other than her insubordination. Her insubordination was demonstrated by her own deposition testimony, affidavit, and memoranda, as well as the substantially uncontested affidavits of the Association. Without presenting any support for her allegation that the real basis for her termination was her handicap, the plaintiff failed to satisfy her burden of proving that she was reasonable in her belief that the Association was engaged in unlawful discrimination and that its desire to retaliate against her was a determinative factor in her discharge, summary judgment on this claim was appropriate.

With respect to the plaintiff's claim under art. 114, we conclude that the judge was correct in his ruling that this claim is barred. Claims of employment discrimination can be vindicated under the general antidiscrimination statute, G. L. c. 151B. In *Layne* v. *Superintendent, Mass. Correctional Inst., Cedar Junction*, 406 Mass. 156, 159 (1989), we held that, if a violation of art. 114 rights can be redressed within the ambit of an existing statute, there is a well-worn procedural path to relief which should be pursued. A claim under G. L. c. 151B provides adequate relief to redress handicap discrimination by an employer and, therefore, precludes a right of action arising directly under the Massachusetts Constitution. See *Conway* v. *Boston Edison Co.*, 745 F. Supp. 773, 779 (D. Mass. 1990).

With respect to the plaintiff's claims under G. L. c. 12, § 11I, she does not address these issues on appeal. Therefore, it is not necessary to review the judge's granting summary judgment on these claims. See Mass. R. A. P. 16 (a) (4), as amended, 367 Mass. 921 (1975).

*Judgment affirmed.*