108 F.3d 328
 6 A.D. Cases 799, 9 NDLR P 222
 NOTICE: First Circuit Local Rule 36.2(b)6 states unpublished opinions may be cited only in related cases.
Irina PETSCH-SCHMID, Plaintiff--Appellant,
v.
BOSTON EDISON COMPANY, Alison Alden and James Dillon,
Defendants--Appellees.
 No. 96-1399.
 United States Court of Appeals, First Circuit.
 Feb. 27, 1997.
 
 APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF MASSACHUSETTS [Hon. Richard G. Stearns, U.S. District Judge]
 Gretchen Van Ness with whom Lisa T. Bacon was on brief for appellant.
 Keith B. Muntyan, with whom Robert P. Morris and Morgan, Brown & Joy, were on brief for appellees.
 Before STAHL, Circuit Judge, ALDRICH and CAMPBELL, Senior Circuit Judges.
 STAHL, Circuit Judge.
 
 
 1
 Plaintiff-appellant Irina Petsch-Schmid seeks a new trial on her state claims[1] of disability[2] and gender discrimination after a jury returned a verdict in favor of defendants-appellees Boston Edison Company, Alison Alden (Petsch-Schmid's supervisor) and James Dillon (Director of Labor Relations for Boston Edison) (collectively, "Boston Edison"). In this appeal, Petsch-Schmid attempts to identify reversible error in a number of the district court's actions. Some of the actions of which she now complains were in fact taken at her request. To none of her assignations of error did she object below. Conceding that our review is for "plain error" only, see Poliquin v. Garden Way Inc., 989 F.2d 527, 531 (1st Cir.1993), Petsch-Schmid endeavors to persuade us that this is the rare case warranting notice of such error. We decline the invitation because we find that her contentions fail to satisfy the plain error standard.
 
 1. Jury Instructions
 
 2
 For the first time on appeal, Petsch-Schmid challenges a number of the district court's jury instructions. We have stated repeatedly that the failure to object before the jury retires to the charge or the verdict form constitutes a waiver. See Scott-Harris v. City of Fall River, Nos. 95-1950/1951/1952/2100, slip op. at 16 (1st Cir. Jan. 15, 1997); see also Fed.R.Civ.P. 51. Some circuits, including ours, have recognized the existence of a "plain error" exception for noncompliance with Rule 51 for "correcting obvious instances of injustice or misapplied law." City of Newport v. Fact Concerts, Inc., 453 U.S. 247, 256 (1981); see Morris v. Travisono, 528 F.2d 856, 859 (1st Cir.1976). The exception, however, "warrants a new trial only where the error 'seriously affected the fairness, integrity or public reputation of the judicial proceedings.' " Poulin v. Greer, 18 F.3d 979, 982-83 (1st Cir.1994) (quoting Lash v. Cutts, 943 F.2d 147, 152 (1st Cir.1991)); see also Morris, 528 F.2d at 859 (explaining that plain error should be noticed "only in exceptional cases or under peculiar circumstances to prevent a clear miscarriage of justice" (internal quotation marks and citation omitted)).
 
 A. Prima Facie Case
 
 3
 Petsch-Schmid first challenges the district court's description of the prima facie elements of a Massachusetts disability discrimination claim under Mass. Gen. Laws ch. 151B, § 4(16). Citing Garrity v. United Airlines, Inc., 653 N.E.2d 173, 177 (Mass.1995), Petsch-Schmid requested the court to instruct the jury that she prove, inter alia, that Boston Edison fired her solely because of her disability. See also Tate v. Department of Mental Health, 645 N.E.2d 1159, 1163 (Mass.1995). Petsch-Schmid now claims that her requested instruction was wrong in light of Blare v. Husky Injection Molding Sys., 646 N.E.2d 111, 115 (Mass.1995), which sets forth the prima facie elements of an age discrimination case under ch. 151B without a "solely because of" requirement. See id.
 
 
 4
 In response, Boston Edison contends that Blare is distinguishable because it concerned allegations of age, not disability, discrimination. Moreover, Boston Edison argues, the Massachusetts Supreme Judicial Court reaffirmed Tate 's prima facie elements of a disability-discrimination case in Garrity, issued months after the Blare decision. See Garrity, 653 N.E.2d at 177. Boston Edison concludes that the district court's reliance--at Petsch-Schmid's request--on the Garrity formulation cannot constitute plain error. We agree.
 
 
 5
 Although Petsch-Schmid's argument based on Blare may well be plausible, it calls upon this court, on plain error review, to differ with the Supreme Judicial Court's formulation of a prima facie case of disability discrimination as set forth in Garrity and Tate; this, we will not do.[3] Given the state of the Massachusetts caselaw, any misapplication of the law with respect to Petsch-Schmid's initially requested but now-challenged charge is neither "obvious," City of Newport, 453 U.S. at 256, nor a "clear" miscarriage of justice, Morris, 528 F.2d at 859. Because of Petsch-Schmid's jury-charge waiver, the requirement that she prove that Boston Edison terminated her "solely because of" her disability is the law of the case. See Wells Real Estate, Inc. v. Greater Lowell Bd. of Realtors, 850 F.2d 803, 809 (1st Cir.1988) (explaining that, given Rule 51 waiver, "the instruction as given becomes the law of the case").[4]
 
 B. Mixed Motive
 
 6
 In a related vein, Petsch-Schmid claims that the court erred when it "apparently attempted to explain the law governing the plaintiff's burden of proof in 'mixed motive' discrimination cases." The "mixed-motive instruction" to which Petsch-Schmid refers was embedded in the court's explanation of the requirement that she prove that Boston Edison terminated her "solely because of" her disability. The court charged the jury as follows:
 
 
 7
 By "solely," the law means that an employee's handicap was the deciding factor in her termination and that were she ... not handicapped, she would not have been fired even if everything else the employer says about the reasons for her termination are true. If Boston Edison's motives are mixed, in the sense that Ms. Schmid's disability was only a minor factor in a decision influenced by proper, nondiscriminatory considerations, a decision that would have been made regardless of whether Ms. Schmid was handicapped, then she will have failed to meet her burden on this element of her claim. (emphasis added).
 
 
 8
 Petsch-Schmid neither initially requested a mixed-motive instruction with respect to her disability-discrimination claim, nor lodged an objection to this charge below. She now argues that the instruction erroneously removed from the jury's purview whether and to what extent her disability played a motivating role in her termination, and whether Boston Edison would have made the same decision without its consideration of her disability. We disagree. Contrary to her contention, the court's charge, read as a whole, could be taken as submitting to the jury the determination of whether or not she would have been terminated regardless of any consideration of her disability.
 
 
 9
 True, the court did not place the burden upon Boston Edison to prove that it would have made the decision absent the discriminatory motive (as in a typical mixed motive case[5]). Our research, however, reveals no reported Massachusetts cases that have applied the mixed-motive framework to a disability discrimination case under ch. 151B. Further, for the purposes of this case, the requirement that the disability be the sole reason for--rather than only "a motivating part" in--the termination renders suspect the application of the Price Waterhouse balance of burdens. This issue is potentially complex and, had it been properly preserved for appeal, it might have presented us with an interesting legal question. Having failed, however, to request a separate mixed-motive instruction on her disability discrimination claim, to object to the jury charge and verdict form, or even to offer developed argumentation of the point on appeal, Petsch-Schmid cannot prevail under the plain error standard.[6]
 
 C. Pretext
 
 10
 Petsch-Schmid claims error in the court's instruction that she must have proven either that she was fired because of her disability, or that Boston Edison lied about her reasons for termination. She says that by requiring proof that Boston Edison lied, the court effectively compelled "smoking gun" evidence; she contends that she should have been able to rely upon the inference arising from her proof that similarly situated non-disabled employees had not been terminated. Petsch-Schmid, however, overlooks the fact that by potentially permitting her recovery upon proof of Boston Edison's lies, she enjoyed the benefits of the court's "pretext-only" instruction. Compare Blare, 646 N.E.2d at 117 (entitling a discrimination plaintiff to recovery upon establishing pretext) with LeBlanc v. Great Am. Ins. Co., 6 F.3d 836, 843 (1st Cir.1993) (under federal law, permitting, but not compelling, inference of intentional discrimination upon proof of pretext). We find no error and certainly no plain error.
 
 
 11
 2. "Stipulation Error"
 
 
 12
 One week before trial, Boston Edison moved in limine to limit the presentation of evidence pertaining to Petsch-Schmid's medical condition. Boston Edison based the motion, in part, on the district court's pretrial grant of summary judgment in its favor on Petsch-Schmid's claim that it failed reasonably to accommodate her alleged disabling condition. See Mass. Gen. Laws ch. 151B, § 4(16). In its motion, Boston Edison offered to stipulate, in lieu of medical evidence, that (1) Petsch-Schmid in fact has multiple sclerosis, and (2) Petsch-Schmid first asserted to her supervisor in May 1991 that she had multiple sclerosis. The parties never prepared a written stipulation to this effect.
 
 
 13
 After opening arguments, Petsch-Schmid's counsel attempted to read what he believed to be the stipulation to the jury. Boston Edison's counsel objected, however, agreeing only that "the company acknowledges that it now knows that, in fact, Ms. Schmid had multiple sclerosis on May 13, 1991. It did not know it on that date." The court then told the jury:
 
 
 14
 [T]he parties agree ... that Ms. Schmid, indeed, was suffering from multiple sclerosis. There is, as you may gather from the interchange, a dispute as to whether an when the company learned of this fact. But that she did have that condition on May 13, 1991, is not in dispute.
 
 
 15
 Petsch-Schmid lodged no objection to the ultimate formulation of the stipulation.
 
 
 16
 Petsch-Schmid now claims that there was "plain error in the key stipulation" which undermined her credibility at trial and unfairly burdened her with proving the date by which Boston Edison knew of her disabling condition. She also contends that the court's related order limiting evidence of her diagnosis and treatment impeded her ability to counter-balance Boston Edison's theory that she used her illness "as an excuse" once her job was in jeopardy for performance-related reasons. We are unpersuaded.
 
 
 17
 Petsch-Schmid's failure to object in any manner to the stipulation as presented to the jury both robbed the district court of any on-the-spot corrections, and raises the specter that Petsch-Schmid did not, at the time, consider detrimental the stipulation as entered.[7] Further, there exists a logical disconnection between the exclusion of evidence regarding her condition, and the disputed date by which Boston Edison knew of her illness. The court did not, in any way, prevent Petsch-Schmid from producing evidence (which she did) to establish that Boston Edison knew of her condition in May 1991.[8] Nor did Petsch-Schmid claim surprise or prejudice in this respect at trial. In sum, we find no reversible error.
 
 
 18
 For the foregoing reasons, the judgment of the district court is affirmed. Costs to appellees.
 
 
 
 [1]
 We note that, although the district court dismissed related federal claims pretrial, it exercised its discretion to retain supplemental jurisdiction over the remaining state claims. See Newman v. Burgin, 930 F.2d 955, 963-65 (1st Cir.1991)
 
 
 [2]
 Although the relevant Massachusetts statute refers to "handicap" discrimination, see Mass. Gen. Laws ch. 151B, § 4(16), for consistency with our other cases, we generally refer to "disability" discrimination
 
 
 [3]
 We note here that, in its February 2, 1996 memorandum of decision and order on Boston Edison's motion for summary judgment, the district court, cognizant that only state claims remained, informed the parties that it would consider a request to remand the case to state court. Neither party sought remand
 
 
 [4]
 At oral argument before this court, Petsch-Schmid contended for the first time that, in fact, the jury charge erroneously reflected a "reasonable accommodation case" rather than a case of "disparate treatment based on disability." We deem waived such arguments raised for the first time at oral argument. See Carreiro v. Rhodes Gill & Co., 68 F.3d 1443, 1449 (1st Cir.1995)
 
 
 [5]
 See Price Waterhouse v. Hopkins, 490 U.S. 228, 244-45 (1989) (plurality opinion); see also, Smith v. F.W. Morse & Co., 76 F.3d 413, 421 (1st Cir.1996)
 
 
 [6]
 Petsch-Schmid further hints that, on her gender discrimination claim, the court should have instructed that Boston Edison bore the burden of persuasion with respect to any mixed-motive. We deem waived her perfunctory and unadorned argument in this respect. See United States v. Zannino, 895 F.2d 1, 17 (1st Cir.1990). In any event, Petsch-Schmid fails to identify any direct evidence of gender discrimination that might trigger such an instruction. See Smith v. F.W. Morse & Co., 76 F.3d 413, 421 (1st Cir.1996); id. at 431 (Bownes, J., concurring)
 
 
 [7]
 See Anderson v. Cryovac, Inc., 862 F.2d 910, 919 (1st Cir.1988) ("If a slip has been made, the parties detrimentally affected must act expeditiously to cure it, not lie in wait and ask for another trial when matters turn out not to their liking")
 
 
 [8]
 We note that Petsch-Schmid cites Ward v. Westvaco Corp., 859 F.Supp. 608, 614 (D.Mass.1994), for the proposition that, as long as the employer has some notice of disability, it need not know the specific details of the condition. Here, Petsch-Schmid's supervisor, Alden, testified that Petsch-Schmid told her in May 1991 that she was "handicapped ... [and] needed reasonable accommodation." Thus, Petsch-Schmid elicited from Boston Edison pertinent testimony that it had some notice of an asserted disability on the disputed date. Under her own cited authority, therefore, it seems that Petsch-Schmid has even less reason to complain of prejudice from the asserted stipulation error