[NOT FOR PUBLICATION]
United States Court of Appeals
For the First Circuit


No. 96-1399

IRINA PETSCH-SCHMID,

Plaintiff - Appellant,

v.

BOSTON EDISON COMPANY, ALISON ALDEN AND JAMES DILLON,

Defendants - Appellees.



APPEAL FROM THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MASSACHUSETTS

[Hon. Richard G. Stearns, U.S. District Judge] 



Before

Stahl, Circuit Judge, 
Aldrich and Campbell, Senior Circuit Judges. 



Gretchen Van Ness with whom Lisa T. Bacon was on brief for 
appellant.
Keith B. Muntyan, with whom Robert P. Morris and Morgan, Brown & 
Joy, were on brief for appellees. 



February 27, 1997


STAHL, Circuit Judge. Plaintiff-appellant Irina STAHL, Circuit Judge. 

Petsch-Schmid seeks a new trial on her state claims1 of

disability2 and gender discrimination after a jury returned a

verdict in favor of defendants-appellees Boston Edison

Company, Alison Alden (Petsch-Schmid's supervisor) and James

Dillon (Director of Labor Relations for Boston Edison)

(collectively, "Boston Edison"). In this appeal, Petsch-

Schmid attempts to identify reversible error in a number of

the district court's actions. Some of the actions of which

she now complains were in fact taken at her request. To none

of her assignations of error did she object below. Conceding

that our review is for "plain error" only, see Poliquin v. 

Garden Way Inc., 989 F.2d 527, 531 (1st Cir. 1993), Petsch- 

Schmid endeavors to persuade us that this is the rare case

warranting notice of such error. We decline the invitation

because we find that her contentions fail to satisfy the

plain error standard.

1. Jury Instructions 

 

1. We note that, although the district court dismissed
related federal claims pretrial, it exercised its discretion
to retain supplemental jurisdiction over the remaining state
claims. See Newman v. Burgin, 930 F.2d 955, 963-65 (1st Cir. 
1991).

2. Although the relevant Massachusetts statute refers to
"handicap" discrimination, see Mass. Gen. Laws ch. 151B, 
4(16), for consistency with our other cases, we generally
refer to "disability" discrimination.

-2- 2

For the first time on appeal, Petsch-Schmid

challenges a number of the district court's jury

instructions. We have stated repeatedly that the failure to

object before the jury retires to the charge or the verdict

form constitutes a waiver. See Scott-Harris v. City of Fall 

River, Nos. 95-1950/1951/1952/2100, slip op. at 16 (1st Cir. 

Jan. 15, 1997); see also Fed. R. Civ. P. 51. Some circuits, 

including ours, have recognized the existence of a "plain

error" exception for noncompliance with Rule 51 for

"correcting obvious instances of injustice or misapplied

law." City of Newport v. Fact Concerts, Inc., 453 U.S. 247, 

256 (1981); see Morris v. Travisono, 528 F.2d 856, 859 (1st 

Cir. 1976). The exception, however, "warrants a new trial

only where the error 'seriously affected the fairness,

integrity or public reputation of the judicial proceedings.'"

Poulin v. Greer, 18 F.3d 979, 982-83 (1st Cir. 1994) (quoting 

Lash v. Cutts, 943 F.2d 147, 152 (1st Cir. 1991)); see also 

Morris, 528 F.2d at 859 (explaining that plain error should 

be noticed "only in exceptional cases or under peculiar

circumstances to prevent a clear miscarriage of justice"

(internal quotation marks and citation omitted)).

A. Prima Facie Case 

Petsch-Schmid first challenges the district court's

description of the prima facie elements of a Massachusetts

disability discrimination claim under Mass. Gen. Laws ch.

-3- 3

151B, 4(16). Citing Garrity v. United Airlines, Inc., 653 

N.E.2d 173, 177 (Mass. 1995), Petsch-Schmid requested the

court to instruct the jury that she prove, inter alia, that 

Boston Edison fired her solely because of her disability. 

See also Tate v. Department of Mental Health, 645 N.E.2d 

1159, 1163 (Mass. 1995). Petsch-Schmid now claims that her

requested instruction was wrong in light of Blare v. Husky 

Injection Molding Sys., 646 N.E.2d 111, 115 (Mass. 1995), 

which sets forth the prima facie elements of an age

discrimination case under ch. 151B without a "solely because 

of" requirement. See id. 

In response, Boston Edison contends that Blare is 

distinguishable because it concerned allegations of age, not

disability, discrimination. Moreover, Boston Edison argues,

the Massachusetts Supreme Judicial Court reaffirmed Tate's 

prima facie elements of a disability-discrimination case in

Garrity, issued months after the Blare decision. See 

Garrity, 653 N.E.2d at 177. Boston Edison concludes that the 

district court's reliance -- at Petsch-Schmid's request -- on

the Garrity formulation cannot constitute plain error. We 

agree.

Although Petsch-Schmid's argument based on Blare 

may well be plausible, it calls upon this court, on plain

error review, to differ with the Supreme Judicial Court's

formulation of a prima facie case of disability

-4- 4

discrimination as set forth in Garrity and Tate; this, we 

will not do.3 Given the state of the Massachusetts caselaw,

any misapplication of the law with respect to Petsch-Schmid's

initially requested but now-challenged charge is neither

"obvious," City of Newport, 453 U.S. at 256, nor a "clear" 

miscarriage of justice, Morris, 528 F.2d at 859. Because of 

Petsch-Schmid's jury-charge waiver, the requirement that she

prove that Boston Edison terminated her "solely because of"

her disability is the law of the case. See Wells Real 

Estate, Inc. v. Greater Lowell Bd. of Realtors, 850 F.2d 803, 

809 (1st Cir. 1988) (explaining that, given Rule 51 waiver,

"the instruction as given becomes the law of the case").4

B. Mixed Motive 

In a related vein, Petsch-Schmid claims that the

court erred when it "apparently attempted to explain the law

governing the plaintiff's burden of proof in 'mixed motive'

discrimination cases." The "mixed-motive instruction" to

 

3. We note here that, in its February 2, 1996 memorandum of
decision and order on Boston Edison's motion for summary
judgment, the district court, cognizant that only state
claims remained, informed the parties that it would consider
a request to remand the case to state court. Neither party
sought remand.

4. At oral argument before this court, Petsch-Schmid
contended for the first time that, in fact, the jury charge
erroneously reflected a "reasonable accommodation case"
rather than a case of "disparate treatment based on
disability." We deem waived such arguments raised for the
first time at oral argument. See Carreiro v. Rhodes Gill & 
Co., 68 F.3d 1443, 1449 (1st Cir. 1995). 

-5- 5

which Petsch-Schmid refers was embedded in the court's

explanation of the requirement that she prove that Boston

Edison terminated her "solely because of" her disability.

The court charged the jury as follows:

By "solely," the law means that an
employee's handicap was the deciding
factor in her termination and that were
she . . . not handicapped, she would not
have been fired even if everything else
the employer says about the reasons for
her termination are true. If Boston 
Edison's motives are mixed, in the sense 
that Ms. Schmid's disability was only a
minor factor in a decision influenced by
proper, nondiscriminatory considerations,
a decision that would have been made
regardless of whether Ms. Schmid was
handicapped, then she will have failed to
meet her burden on this element of her
claim. (emphasis added).

Petsch-Schmid neither initially requested a mixed-

motive instruction with respect to her disability-

discrimination claim, nor lodged an objection to this charge

below. She now argues that the instruction erroneously

removed from the jury's purview whether and to what extent

her disability played a motivating role in her termination,

and whether Boston Edison would have made the same decision

without its consideration of her disability. We disagree.

Contrary to her contention, the court's charge, read as a

whole, could be taken as submitting to the jury the

determination of whether or not she would have been

terminated regardless of any consideration of her disability.

-6- 6

True, the court did not place the burden upon

Boston Edison to prove that it would have made the decision

absent the discriminatory motive (as in a typical mixed

motive case5). Our research, however, reveals no reported

Massachusetts cases that have applied the mixed-motive

framework to a disability discrimination case under ch. 151B.

Further, for the purposes of this case, the requirement that

the disability be the sole reason for -- rather than only "a

motivating part" in -- the termination renders suspect the

application of the Price Waterhouse balance of burdens. This 

issue is potentially complex and, had it been properly

preserved for appeal, it might have presented us with an

interesting legal question. Having failed, however, to

request a separate mixed-motive instruction on her disability

discrimination claim, to object to the jury charge and

verdict form, or even to offer developed argumentation of the

point on appeal, Petsch-Schmid cannot prevail under the plain

error standard.6

 

5. See Price Waterhouse v. Hopkins, 490 U.S. 228, 244-45 
(1989) (plurality opinion); see also, Smith v. F.W. Morse & 
Co., 76 F.3d 413, 421 (1st Cir. 1996). 

6. Petsch-Schmid further hints that, on her gender
discrimination claim, the court should have instructed that
Boston Edison bore the burden of persuasion with respect to
any mixed-motive. We deem waived her perfunctory and
unadorned argument in this respect. See United States v. 
Zannino, 895 F.2d 1, 17 (1st Cir. 1990). In any event, 
Petsch-Schmid fails to identify any direct evidence of gender
discrimination that might trigger such an instruction. See 
Smith v. F.W. Morse & Co., 76 F.3d 413, 421 (1st Cir. 1996); 

-7- 7

C. Pretext 

Petsch-Schmid claims error in the court's

instruction that she must have proven either that she was

fired because of her disability, or that Boston Edison lied

about her reasons for termination. She says that by

requiring proof that Boston Edison lied, the court

effectively compelled "smoking gun" evidence; she contends

that she should have been able to rely upon the inference

arising from her proof that similarly situated non-disabled

employees had not been terminated. Petsch-Schmid, however,

overlooks the fact that by potentially permitting her

recovery upon proof of Boston Edison's lies, she enjoyed the

benefits of the court's "pretext-only" instruction. Compare 

Blare, 646 N.E.2d at 117 (entitling a discrimination 

plaintiff to recovery upon establishing pretext) with LeBlanc 

v. Great Am. Ins. Co., 6 F.3d 836, 843 (1st Cir. 1993) (under 

federal law, permitting, but not compelling, inference of

intentional discrimination upon proof of pretext). We find

no error and certainly no plain error.

2. "Stipulation Error" 

One week before trial, Boston Edison moved in

limine to limit the presentation of evidence pertaining to

Petsch-Schmid's medical condition. Boston Edison based the

motion, in part, on the district court's pretrial grant of

 

id. at 431 (Bownes, J., concurring). 

-8- 8

summary judgment in its favor on Petsch-Schmid's claim that

it failed reasonably to accommodate her alleged disabling

condition. See Mass. Gen. Laws ch. 151B, 4(16). In its 

motion, Boston Edison offered to stipulate, in lieu of

medical evidence, that (1) Petsch-Schmid in fact has multiple

sclerosis, and (2) Petsch-Schmid first asserted to her

supervisor in May 1991 that she had multiple sclerosis. The

parties never prepared a written stipulation to this effect.

After opening arguments, Petsch-Schmid's counsel

attempted to read what he believed to be the stipulation to

the jury. Boston Edison's counsel objected, however,

agreeing only that "the company acknowledges that it now

knows that, in fact, Ms. Schmid had multiple sclerosis on May

13, 1991. It did not know it on that date." The court then

told the jury:

[T]he parties agree . . . that Ms.
Schmid, indeed, was suffering from
multiple sclerosis. There is, as you may
gather from the interchange, a dispute as
to whether an when the company learned of
this fact. But that she did have that
condition on May 13, 1991, is not in
dispute.

Petsch-Schmid lodged no objection to the ultimate formulation

of the stipulation.

Petsch-Schmid now claims that there was "plain

error in the key stipulation" which undermined her

credibility at trial and unfairly burdened her with proving

the date by which Boston Edison knew of her disabling

-9- 9

condition. She also contends that the court's related order

limiting evidence of her diagnosis and treatment impeded her

ability to counter-balance Boston Edison's theory that she

used her illness "as an excuse" once her job was in jeopardy

for performance-related reasons. We are unpersuaded.

Petsch-Schmid's failure to object in any manner to

the stipulation as presented to the jury both robbed the

district court of any on-the-spot corrections, and raises the

specter that Petsch-Schmid did not, at the time, consider

detrimental the stipulation as entered.7 Further, there

exists a logical disconnection between the exclusion of

evidence regarding her condition, and the disputed date by

which Boston Edison knew of her illness. The court did not,

in any way, prevent Petsch-Schmid from producing evidence

(which she did) to establish that Boston Edison knew of her

condition in May 1991.8 Nor did Petsch-Schmid claim surprise

 

7. See Anderson v. Cryovac, Inc., 862 F.2d 910, 919 (1st 
Cir. 1988) ("If a slip has been made, the parties
detrimentally affected must act expeditiously to cure it, not
lie in wait and ask for another trial when matters turn out
not to their liking").

8. We note that Petsch-Schmid cites Ward v. Westvaco Corp., 
859 F. Supp. 608, 614 (D. Mass. 1994), for the proposition
that, as long as the employer has some notice of disability,
it need not know the specific details of the condition.
Here, Petsch-Schmid's supervisor, Alden, testified that
Petsch-Schmid told her in May 1991 that she was "handicapped
. . . [and] needed reasonable accommodation." Thus, Petsch-
Schmid elicited from Boston Edison pertinent testimony that
it had some notice of an asserted disability on the disputed
date. Under her own cited authority, therefore, it seems
that Petsch-Schmid has even less reason to complain of

-10- 10

or prejudice in this respect at trial. In sum, we find no

reversible error.

For the foregoing reasons, the judgment of the

district court is affirmed. Costs to appellees. affirmed. Costs to appellees. 

 

prejudice from the asserted stipulation error.

-11- 11